IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALLEN WOLFSON,<br><br>Plaintiff,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION and UNITED STATES OF AMERICA,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-cv-223-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

Allen Wolfson ("Plaintiff"), an inmate in Massachusetts, filed this civil action in the United States District Court for the Southern District of New York against the Securities and Exchange Commission and the United States of America.[1] Soon thereafter, Plaintiff's case was transferred to this court and assigned to District Judge Dee Benson, who then referred it to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Plaintiff seeks to proceed in forma pauperis ("IFP") in this case pursuant to 28 U.S.C. § 1915 ("IFP statute").[3]

Plaintiff has filed numerous civil actions in this court in the past, many of which have been dismissed as frivolous and/or for failure to state claims upon which relief can be granted. Most recently, in November 2008, Judge Benson issued an order adopting this court's

---

[1] *See* docket no. 2.

[2] *See* docket no. 5.

[3] *See* docket no. 3.

recommendation that six (6) of Plaintiff's cases be dismissed under the IFP statute as frivolous and for failure to state claims upon which relief can be granted.[4]

The IFP statute contains a "three-strikes" provision, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*.

For the following reasons, the court concludes that the "three-strikes" provision of the IFP statute applies here. First, Plaintiff explicitly states in his complaint that he was a prisoner in Massachusetts when he filed his complaint and his request to proceed IFP. Second, at the time of that filing, at least six (6) cases that Plaintiff previously filed in this court had been dismissed under the IFP statute as frivolous and for failure to state claims upon which relief can be granted. Finally, Plaintiff does not allege that he is under imminent danger of serious physical injury. Accordingly, the mandatory language of the "three-strikes" provision applies, and Plaintiff must pay the entire filing fee before this case may proceed any further.

---

[4] *See Wolfson v. Clayton, et al.*, 2:06-cv-421-DB-PMW, docket no. 36; *Wolfson v. Sec. & Exch. Comm'n, et al.*, 2:06-cv-422-DB-PMW, docket no. 29; *Wolfson v. Sec. & Exch. Comm'n, et al.*, 2:06-cv-435-DB-PMW, docket no. 34; *Wolfson v. Sec. & Exch. Comm'n, et al.*, 2:06-cv-966-DB-PMW, docket no. 31; *Wolfson v. United States, et al.*, 2:06-cv-994-DB-PMW, docket no. 28; *Wolfson v. Sec. & Exch. Comm'n, et al.*, 2:07-cv-219-DB-PMW, docket no. 31.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Plaintiff is subject to the "three-strikes" provision of the IFP statute; therefore, his request to proceed IFP[5] is **DENIED**.

2. Plaintiff must pay the entire $350 statutory filing fee on or before **APRIL 5, 2010**. Failure to do so will result in dismissal of this case.

**IT IS SO ORDERED**.

DATED this 5th day of March, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 3.