# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ALLEN WOLFSON,<br><br>Plaintiff,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION and UNITED STATES OF AMERICA,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:09-cv-223-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

Allen Wolfson ("Plaintiff") filed this civil action in the United States District Court for the Southern District of New York against the Securities and Exchange Commission and the United States of America.[1] Soon thereafter, the case was transferred to this court and assigned to District Judge Dee Benson, who then referred it to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2]

Plaintiff has filed numerous civil actions in this court in the past, many of which have been dismissed as frivolous and/or for failure to state claims upon which relief can be granted. Most recently, in November 2008, Judge Benson issued an order adopting this court's recommendation that six (6) of Plaintiff's cases be dismissed under 28 U.S.C. § 1915 ("IFP

---

[1] *See* docket no. 2.

[2] *See* docket no. 5.

statute") as frivolous and for failure to state claims upon which relief can be granted.[3] *See id*.

§ 1915(e)(2)(B)(i)-(ii).

The IFP statute contains a "three-strikes" provision, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*. § 1915(g).

In a memorandum decision and order dated March 5, 2010, this court concluded that Plaintiff was subject to the above-referenced "three-strikes" provision.[4] Consequently, this court denied Plaintiff's request to proceed under the IFP statute and ordered him to pay the entire $350

---

[3] *See Wolfson v. Clayton, et al.*, 2:06-cv-421-DB-PMW, docket no. 36; *Wolfson v. Sec. & Exch. Comm'n, et al.*, 2:06-cv-422-DB-PMW, docket no. 29; *Wolfson v. Sec. & Exch. Comm'n, et al.*, 2:06-cv-435-DB-PMW, docket no. 34; *Wolfson v. Sec. & Exch. Comm'n, et al.*, 2:06-cv-966-DB-PMW, docket no. 31; *Wolfson v. United States, et al.*, 2:06-cv-994-DB-PMW, docket no. 28; *Wolfson v. Sec. & Exch. Comm'n, et al.*, 2:07-cv-219-DB-PMW, docket no. 31.

[4] *See* docket no. 6. The court recognizes that the March 5, 2010 memorandum decision and order was returned to the court as undeliverable. *See* docket no. 7. However, because Plaintiff is required by this court's local rules to notify the court immediately of any change in his address, he bears responsibility for not receiving the memorandum decision and order. *See* DUCivR 83-1.3(b) ("In all cases, counsel and parties appearing pro se must notify the clerk's office immediately of any change in address, email address, or telephone number."); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

statutory filing fee on or before April 5, 2010. Plaintiff was warned that failure to do so would result in dismissal of his case.

Plaintiff has failed to pay the $350 statutory filing fee on or before April 5, 2010. Therefore, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See id*. § 636(b)(1)(C). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See id*. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of April, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge